Beatriz Biscardi André, CA SBN 367034
beatriz.andre@eeoc.gov
Sophia Tarazi, SBN 329721
sophia.tarazi@eeoc.gov
Gaganjyot Sandhu, SBN 327379
gaganjyot.sandhu@eeoc.gov
Lorena Garcia-Bautista, SBN 234091
lorena.garcia@eeoc.gov

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 785-3083
Facsimile: (213) 894-1301
E Mail:  lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TAWA SUPERMARKET, INC. dba 99 RANCH MARKET and DOES 1 – 5, INCLUSIVE<br><br>Defendant(s). | Case No.:<br><br>**COMPLAINT—CIVIL RIGHTS / EMPLOYMENT DISCRIMINATION**<br>&bull; **Discriminatory Termination**<br>&bull; **Constructive Discharge**<br>&bull; **Disparate Terms and Conditions**<br>&bull; **Failure to Promote**<br><br>42 U.S.C. §§ 2000e, *et seq.*<br><br>**JURY TRIAL DEMAND** |

1

COMPLAINT

## NATURE OF THE ACTION

This is an action brought by Plaintiff United States Equal Employment Opportunity Commission ("Commission" or the "EEOC") under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of national origin and to provide appropriate relief to two Charging Parties ("Charging Parties"), who filed charges of discrimination against Defendant Tawa Supermarket, Inc. dba 99 Ranch Market with the Commission, and a class of similarly aggrieved non-Chinese individuals who were adversely affected by such practices. As alleged with greater particularity in paragraphs 16 through 38 below, the Commission alleges that Defendant Tawa Supermarket, Inc. dba 99 Ranch Market and Does 1-5 (collectively, "Defendant" or "Tawa") subjected Charging Parties and a class of aggrieved non-Chinese individuals to discriminatory termination, constructive discharge, different terms and conditions, and/or discriminatory failure to promote on the basis of national origin (non-Chinese) in violation of Title VII.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

2.    This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3.    Some of the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Central District of California.

4.    Defendant's corporate headquarters is in Buena Park, California,

COMPLAINT

within the jurisdiction of the United States District Court for the Central District of California.

## PARTIES

5.     Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

6.     At all relevant times, Defendant has been a California corporation continuously doing business in the State of California and has continuously had at least 15 employees.

7.     At all relevant times, Defendant has continuously been an employer engaging in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h).

8.     Plaintiff is ignorant of the true names and capacities of each Defendant sues as DOES 1 through 5, inclusively, and therefore Plaintiff sues said defendants by fictitious names. Plaintiff reserves the right to amend the complaint to name each DOE defendant individually or corporately as it becomes known. Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same has been ascertained by Plaintiff.

## ADMINISTRATIVE PROCEDURES

9.     More than thirty days before the institution of this lawsuit, the Charging Parties filed separate charges of discrimination with the Commission alleging violations of Title VII by the Defendant.

10.     The Commission issued Letters of Determination on June 27, 2022, and Amended Letters of Determination on April 10, 2025, finding reasonable cause to believe that Defendant violated Title VII.

COMPLAINT

11.    The Commission invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

12.    The Commission engaged in communications with Defendant to provide Defendant with the opportunity to remedy the discriminatory practices described in the Letters of Determination and Amended Letters of Determination.

13.    The Commission did not secure from Defendant a conciliation agreement acceptable to the Commission.

14.    On July 8, 2025, the Commission issued to Defendant notices of conciliation failure as to each of the Charges against it.

15.    All conditions precedent to the initiation of this lawsuit have been fulfilled.

## FACTS

### Tawa Operations

16.    At all relevant times, Defendant operates the Chinese / Asian grocery store chain doing business as 99 Ranch Market.

17.    Defendant operates store locations nationwide, including many locations in California.

18.    In late 2015, there was a change in leadership for Defendant's operations.

19.    After the change in leadership, Defendant hired a new vice president of human resources who was not Chinese.

20.    Under new leadership and through the vice president of human resources, Defendant hired non-Chinese managers across various positions, including but not limited to district managers, store managers, and loss prevention.

21.    Defendant hired non-Chinese managers to diversify employees to appeal to perceived customer preferences.

COMPLAINT

22. In late 2016, Defendant underwent another leadership change in operations.

**Discriminatory Termination, Constructive Discharge (Managers)**

23. Starting in late 2016, Defendant terminated recently hired, non-Chinese managers based on their national origin to replace them with Chinese managers.

24. For example, in late 2016, under Defendant's new leadership, Tawa forced the vice president of human resources (who was not Chinese) to resign.

25. Another example involved two non-Chinese district managers who Defendant hired in late 2015 and early 2016. The two district managers had satisfactory work performance. Tawa terminated the two district managers in August and September 2017, and replaced them with Chinese managers.

26. Likewise, in August and September 2017, Defendant terminated two non-Chinese store managers who it had hired in 2016. The store managers had satisfactory work performance.

27. Another example involves loss prevention and safety managers, who like other managers were hired in late-2015 and early 2016, and then terminated by Defendant in 2017 based on their national origin (non-Chinese).

28. Defendant also terminated a class of aggrieved individuals, which include non-Chinese managers, based on their national origin.

29. As a result of Defendant's discriminatory discharge and constructive discharge, the class of non-Chinese managers was harmed and suffered damages.

**Discrimination in Promotion, Pay, Scheduled Hours, Terms and Conditions of Employment, and Terminations (Store Employees)**

30. The Charging Parties, who filed charges of discrimination against Defendant, and other aggrieved individuals were or are store employees who worked for Defendant.

COMPLAINT

31.    The Charging Parties and other aggrieved individuals are non-Chinese in national origin.

32.    Starting as early as 2016 to the present, Defendant discriminated against the Charging Parties and a class of aggrieved individuals based on their national origin (non-Chinese) in promotion, pay, scheduled hours, terms and conditions of employment, and terminations.

33.    For example, Defendant failed to pay a Charging Party commensurate with other Chinese employees who worked the same duties, harassed him based on his non-Chinese national origin, and later terminated him in 2017.

34.    Another Charging Party was terminated in 2018 without being given a reason, no progressive discipline policy was followed by Defendant, and other Chinese workers in the same position at the same store remained employed.

35.    Defendant forced another non-Chinese employee to resign when Tawa paid him less that other Chinese employees in the same position, failed to promote him to assistant store manager based on his national origin, despite his years of experience, and instead hired a Chinese manager from another store.

36.    Defendant inconsistently applied rules and policies to employees based on employees' national origin. For example, it did not require Chinese employees to speak English at work and/or it did not require Chinese employees to wear gloves.

37.    Defendant also reduced the work hours and thereby the pay of non-Chinese employees to part-time work hours while other Chinese co-workers of similar experience were allowed to work full-time.

38.    As a result of Defendant's discriminatory promotions, pay, scheduled hours, terms and conditions of employment, and terminations or constructive discharge, the Charging Parties and class of aggrieved individuals were harmed

COMPLAINT

and suffered damages.

## CLAIMS

### Count 1: Discriminatory Termination

39.    As stated in Paragraphs 16 through 29 and 33 through 35, Defendant terminated or constructively discharged the Charging Parties and a class of aggrieved individuals based on their national origin (non-Chinese), in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1).

40.    The effect of the practices complained of in Paragraphs 16 through 29 and 33 through 35 has been to deprive the Charging Parties and a class of aggrieved individuals of equal employment opportunities because of their national origin (non-Chinese).

41.    The unlawful employment practices complained of in Paragraphs 16 through 29 and 33 through 35 were intentional and caused the Charging Parties and a class of aggrieved individuals to suffer emotional distress.

42.    The unlawful employment practices complained of in Paragraphs 16 through 29 and 33 through 35 were intentionally done with malice and/or reckless indifference to the federally protected rights of the Charging Parties and a class of aggrieved individuals.

### Count 2: Disparate Terms and Conditions of Employment

43.    As stated in Paragraphs 16 through 22 and 30 through 38, Defendant subjected a Charging Party and a class of aggrieved individuals to different terms and conditions of employment, including pay, scheduled hours, and application of rules and policies, based on their national origin (non-Chinese), in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1).

44.    The effect of the practices complained of in Paragraphs 16 through 22 and 30 through 38 has been to deprive the Charging Party and a class of aggrieved individuals of equal employment opportunities because of their national origin

COMPLAINT

(non-Chinese).

45. The unlawful employment practices complained of in Paragraphs 16 through 22 and 30 through 38 were intentional and caused the Charging Party and a class of aggrieved individuals to suffer emotional distress.

46. The unlawful employment practices complained of in Paragraphs 16 through 22 and 30 through 38 were intentionally done with malice and/or reckless indifference to the federally protected rights of the Charging Party and a class of aggrieved individuals.

### Count 3: Discriminatory Failure to Promote

47. As stated in Paragraphs 16 through 22 and Paragraph 35, Defendant failed to promote aggrieved individuals based on their national origin (non-Chinese), in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1).

48. The effect of the practices complained of in Paragraphs 16 through 22 and Paragraph 35 has been to deprive a class of aggrieved individuals of equal employment opportunities because of their national origin (non-Chinese).

49. The unlawful employment practices complained of in Paragraphs 16 through 22 and Paragraph 35 were intentional and caused a class of aggrieved individuals to suffer emotional distress.

50. The unlawful employment practices complained of in Paragraphs 16 through 22 and Paragraph 35 were intentionally done with malice and/or reckless indifference to the federally protected rights of a class of aggrieved individuals.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practices in violation of Section 703(a) of Title VII.

8

COMPLAINT

B.      Order Defendant to institute and carry out policies, practices, and programs to ensure that it would not engage in further unlawful practices in violation of Section 703(a) of Title VII.

C.      Order Defendant to make whole the Charging Parties and a class of aggrieved individuals by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.      Order Defendant to make whole the Charging Parties and a class of aggrieved individuals by providing compensation for past and future non-pecuniary losses pursuant to Title VII, resulting from the unlawful practices described above, including, but not limited to, emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

E.      Order Defendant to make whole the Charging Parties and a class of aggrieved individuals by providing compensation for any past and future pecuniary losses, including, but not limited to, expenses suffered by them that resulted from the unlawful employment practices described above, in amounts to be determined at trial.

F.      Order Defendant to pay the Charging Parties and a class of aggrieved individuals punitive damages, pursuant to Title VII, for its malicious or reckless conduct as described above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs of this action.

//

//

//

9

COMPLAINT

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated:  June 30, 2026                    Respectfully submitted,

                                         CATHERINE L. ESCHBACH
                                         Acting General Counsel

                                         CHRISTOPHER LAGE
                                         Deputy General Counsel

                                         U.S. EQUAL EMPLOYMENT
                                         OPPORTUNITY COMMISSION
                                         131 M Street, NE
                                         Washington, D.C. 20507


                        By:  _____
                                         BEATRIZ BISCARDI ANDRE
                                         Acting Regional Attorney
                                         Los Angeles District Office
                                         U.S. EQUAL EMPLOYMENT
                                         OPPORTUNITY COMMISSION

COMPLAINT